# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD APPLEYARD**, Individually, on Behalf of himself and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Dkt. No.: _____ |
| | ) JURY TRIAL DEMANDED |
| vs. | ) |
| | ) FLSA Opt-In Collective Action |
| **MURPHY OIL USA, INC.**, a Delaware Corporation, | ) ) ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

### I. NATURE OF THE ACTION

1. This is an individual and collective action to require Defendant to pay back wages owed to Plaintiff and the Plaintiff Class, which Defendant failed to pay in violation of § 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"). Named Plaintiff seeks permanent injunctive relief and damages for himself, and those similarly situated, who worked for the Defendant and earned, but did not receive, compensation for time worked, and/or together with time and one-half pay for time worked over 40 hours per week for the Defendant.

2. The FLSA collective group consists of all individuals employed by the Defendant at any time during the applicable limitations period. The Named Plaintiff, during the applicable time periods is and/or was a member of this collective group and also brings individual claims as

such.

## II. JURISDICTION AND VENUE

3. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

4. This Court has jurisdiction of Plaintiff's claims pursuant to 29 U.S.C. § 201, *et seq.*; 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because the Defendant transacts business in this district, and Plaintiff was employed by the Defendant in this district, and the actions complained of herein were conducted within this district.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7. Plaintiff Richard Appleyard (hereinafter "Plaintiff") is and was at all times relevant to the matters at issue a resident of Hardin County, Tennessee, and an employee of Defendant Murphy Oil USA, Inc. Plaintiff was at all times relevant hereto a non-exempt employee of Defendant who occasionally was required to work off the clock in order to keep his job with the Defendant. Plaintiff's Consent to Join this Collective Action is attached hereto as Exhibit A.

8. The similarly situated employees are and/or were hourly non-exempt employees of Defendant who were also required to occasionally work off the clock.

9. The named Plaintiff and the class of similarly situated employees at all times relevant hereto were each an "employee" as that term is defined by 29 U.S.C. § 203(e).

10. The Defendant at all times relevant hereto was the "employer" of the named Plaintiff and Plaintiff class members as that term is defined by 29 U.S.C. § 203(d) and § 701(b), (g), and (h).

11. Defendant, Murphy Oil USA, Inc., (hereinafter "Defendant") is a Delaware corporation licensed and doing business in the State of Tennessee with its principal office located at 200 E. Peach St., El Dorado, Arkansas, and was Plaintiff's "employer" as that term is defined under the FLSA. The agent for service of process is CT Corporation System and can be served with legal process at 800 S. Gay Street, Ste. 2021, Knoxville, TN 37929-9710.

### IV. FLSA COLLECTIVE ACTION ALLEGATIONS

12. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13. Named Plaintiff brings Cause of Action-Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of himself and all similarly situated individuals. This "Collective Group" is defined as:

> all individuals who performed or perform various jobs for Defendant and who were and/or are required to work off the clock in violation of the FLSA anywhere in the United States at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

The "Collective Group" also includes the named Plaintiff in this action. Plaintiff reserves the right to modify this definition prior to conditional certification of the collective group.

14. The named Plaintiff, along with current and former employees of Defendant, in Covered Positions are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Defendant's common practice, policy, or plan of controlling their daily job functions.

15. Defendant regularly permitted and required the named Plaintiff and members of the Collective Group to work off the clock which regularly resulted in Plaintiff and group members working more than 40 hours per week without overtime compensation.

16. Upon information and belief, Defendant knew that the named Plaintiff and all similarly situated individuals performed work that required overtime pay.

17. Defendant has therefore operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all time worked.

18. Defendant's conduct, as set forth in this Complaint, was willful and has caused significant damages to the named Plaintiff and all similarly situated individuals.

19. Count I of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) because the claims of the named Plaintiff is similar to the claims of current and former employees who work and/or have worked for Defendant. Therefore, the named Plaintiff should be permitted to bring this action as a collective action on behalf of himself and those similarly situated individuals pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

20. Defendant is liable under the FLSA for failing to properly compensate the named Plaintiff and all similarly situated individuals, and notice of this lawsuit should be sent to all similarly situated individuals. Those similarly situated individuals are known to Defendant and are readily identifiable though Defendant's payroll and other personnel records.

## V. FACTS

21. Plaintiff began his employment with the Defendant on June 23, 2009, at Murphy Oil USA, Inc., Store #7171, in Russellville, Alabama. In 2012, Plaintiff transferred to Murphy

Oil USA, Inc., Store #6840 in Savannah, Tennessee, and worked as a cashier, trained to work on the gas pumps, performed maintenance, prepared the store for opening, along with other duties.

22. Throughout the course of his employment with the Defendant, Plaintiff and other employees would be accused of being short on their registers and told they would have to come in and work "off the clock" to make up the shortage or be fired. These employees were never given proof of the shortage or given the opportunity to dispute it even though all transactions that could have caused a shortage were videotaped by the Defendant.

22. On numerous occasions throughout his employment, Plaintiff illegally worked "off the clock" for the Defendant. Plaintiff is aware of other non-exempt employees of the Defendant who were also similarly required to work off the clock. Upon information and belief, this is widespread and common practice at many of the Defendant's stores.

23. Plaintiff avers that often when required to work off the clock, it would cause him and/or the other employees to work in excess of 40 hours per week, triggering the Defendant's obligation under the FLSA to pay overtime pay (time-and-a-half pay) for hours worked in excess of 40 hours for the week.

## VI. CAUSE OF ACTION

FAILURE TO PAY OVERTIME
TO THE PLAINTIFF INDIVIDUALLY AND THE COLLECTIVE GROUP
FLSA, 29 U.S.C. §§ 201, et seq.
(On behalf of the named Plaintiff and the Collective Group)

24. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

25. Section 206(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his

employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

26. There are no exemptions applicable to the named Plaintiff or to other members of the Collective Group.

27. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint throughout the portions of United States in which Defendant conducts business.

28. The named Plaintiff and other members of the Collective Group, either regularly or from time to time, worked "off the clock" for more than 40 hours per week but did not receive overtime pay.

29. Upon information and belief, at all times relevant hereto, Defendant has had annual gross operating revenues well in excess of $500,000.00.

30. In committing the wrongful acts alleged to be in violation of the FLSA, Defendant acted willfully in that it knowingly, deliberately, and intentionally failed to pay overtime premium wages to the named Plaintiff and other members of the Collective Group.

31. As a result of Defendant's failure to pay overtime premium wages, the named Plaintiff and the other members of the Collective Group were damaged in an amount to be proved at trial.

32. Therefore, the named Plaintiff demands that he and the other members of the Collective Group be paid overtime compensation as required by the FLSA for every hour of

overtime worked in any work week for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests of this Court the following relief on behalf of himself, all members of the Collective Action, and all other similar situated individuals:

a. That the Court certify the collective group named in the instant suit as an opt-in collective action under 29 U.S.C. § 216(b);

b. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

c. That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

d. That the Court enjoin the Defendant from committing further violations of the Fair Labor Standards Act;

e. That the Court award the named Plaintiff and collective group members compensatory damages and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

f. That the Court award the named Plaintiff and the collective group's reasonable attorney's fees, costs, and expenses;

g. That the Court order the Defendant to make the named Plaintiff and the collective group members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

h. That the Court award the named Plaintiff and the collective group members such additional relief as the interests of justice may require;

i. That the Court award the named Plaintiff and collective group prejudgment interest.

j. That a jury be impaneled to try this cause.

Dated: September 28, 2017                    Respectfully submitted,

/*s/Gordon E. Jackson*
Gordon E. Jackson (TN Bar No. 08323)
James L. Holt, Jr. (TN Bar No. 012123)
J. Russ Bryant (TN Bar No. 33830)
Paula R. Jackson (TN Bar No. 20149)
**JACKSON, SHIELDS, YEISER & HOLT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

&

*/s/ Michael L. Weinman*
Michael L. Weinman (#015074)
**WEINMAN THOMAS LAW FIRM**
112 South Liberty Street, Suite 321
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
*mike@weinmanthomas.com*

*Attorneys for Named Plaintiff, on behalf of themselves and all other similarly situated current and former employees*