IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICHARD APPLEYARD, Individually,
and on behalf of all others similarly situated,

    Plaintiffs,

v.                                       CIVIL ACTION NO.: 1:16-cv-01290

MURPHY OIL USA, INC.,

    Defendant.

## DECLARATION OF ANDREW L. QUALLS

I, Andrew L. Qualls, declare and state as follows:

1.     I am over the age of twenty-one (21) years and competent to testify to the matters contained herein. The statements contained in this declaration are based upon my own personal knowledge.

2.     I am employed as a Director, Human Resources Technology Services for Murphy Oil USA, Inc. ("Murphy" or the "Company") in El Dorado, Arkansas. In that capacity, I am familiar with Murphy's human resources processes, procedures, records, and record-keeping functions.

3.     Since early 2008, all newly-hired employees at Murphy have been asked to execute a document titled "Binding Arbitration Agreement and Waiver of Jury Trial (Applicant) (the "Agreement"). Attached to this declaration as Exhibit "A" is true and correct copy of the Agreement executed by former Murphy employee Richard Appleyard. Mr. Appleyard began his



employment with Murphy during 2009 and executed the Agreement as part of the hiring process.

4. I hereby certify that the copy of the Agreement was made at or near the time of the occurrence of the matters set forth therein by -- or from information transmitted by -- a person with knowledge of those matters.

5. I hereby certify that the copy of the Agreement is kept in the course of regularly conducted Company business.

6. I hereby certify that keeping a copy of the Agreement is a regular practice of Company business.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 1st day of February, 2017.

_____
Andrew L. Qualls

4830-2918-6369, v. 1

## BINDING ARBITRATION AGREEMENT
### AND
### WAIVER OF JURY TRIAL (APPLICANT)

This Agreement is entered into between Murphy Oil USA, Inc. ("Company") and the undersigned applicant (hereinafter "Individual"). Excluding claims which must, by statute or other law, be resolved in other forums, Company and Individual agree to resolve any and all disputes or claims each may have against the other which relate in any manner whatsoever as to Individual's employment, including but not limited to, all claims beginning from the period of application through cessation of employment at Company and any post-termination claims and all related claims against managers, by binding arbitration pursuant to the National Rules for the Resolution of Employment Disputes ("Rules") of the American Arbitration Association (hereinafter "AAA"). Disputes related to employment include, but are not limited to, claims or charges based upon federal or state statutes, including, but not limited to, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, and any other civil rights statute, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act or other wage statutes, the WARN Act, claims based upon tort or contract laws or common law or any other federal or state or local law affecting employment in any manner whatsoever. In the event that arbitration is brought pursuant to any law or statute which provides for allocation of attorneys' fees and costs, the arbitrator shall have the authority to allocate costs and/or attorneys' fees pursuant to the applicable law or statute.

This Agreement mutually binds Individual and Company to arbitrate any and all disputes between them as set forth herein. Individual also is bound to arbitrate any related claims he/she individually may have arising out of or in the context of their employment relationship against any manager of the Company. Conversely, managers have signed similar arbitration agreement and thereby are bound to arbitrate any related claims they individually may have against Individual arising out of or in the context of their employment relationship.

Individual understands that he/she will not be considered for employment by the Company unless he/she signs this Agreement. Individual further understands that, as additional consideration for signing this Agreement, the Company agrees to pay all costs of arbitration charged by AAA, other than filing fees, and to be bound by the arbitration procedure set forth in this Agreement. In the event Individual is unable to pay the applicable filing fee for arbitration due to extreme hardship, Individual may apply to AAA for deferral or reduction of the fees. AAA shall determine whether the Individual qualifies for a waiver, deferral or reduction of its filing fee. To invoke the arbitration process, Individual or Company must contact the American Arbitration Association at 2200 Century Parkway, Suite 300, Atlanta, Georgia 30345-3202, 404-325-0101, direct toll free: 1-800-925-0155, facsimile 404-325-8034, or the nearest regional office of AAA. Individual also must provide written notification that he/she is invoking the arbitration process to the Law Department, Murphy Oil USA, Inc., 200 Peach Street, El Dorado, Arkansas 71730, facsimile: 870-864-6489.

Arbitrations pursuant to this Agreement shall be conducted in accordance with the Rules of AAA except where those Rules conflict with the terms of this Agreement, in which event the terms of this Agreement shall control.

Company and Individual expressly agree that the Federal Arbitration Act governs the enforceability of any and all of the arbitration provisions of this Agreement, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which arise out of the dispute and bear on its final disposition are matters for the arbitrator to decide.



R. T. A.
Individual's Initials

Page 1 of 2



EXHIBIT
A

This Agreement shall be binding upon and inure to the benefit of any successor or assignee of the Company and as to the Individual's heirs, executors and administrators.

This Agreement is an agreement as to choice of forum and is not intended to extend any applicable statute of limitation. Individual and Company understand and agree that any claim for arbitration will be timely only if brought within the time in which an administrative charge or a complaint could have been filed with the administrative agency or the court. If the arbitration claim raises an issue which could not have been timely filed with the appropriate administrative agency or court, then the claim must be treated as the administrative agency or court would have treated it. Claims must be filed within the time set by the appropriate statute of limitation.

By signing this Agreement, Individual and the Company waive their right to commence, be a party to, or class member or collective action in any court action against the other party relating to employment issues. Further, the parties waive their right to commence or be a party to any group, class or collective action claim in arbitration or any other forum. The parties agree that any claim by or against Individual or the Company shall be heard without consolidation of such claim with any other person or entity's claim.

If any claim is found not to be subject to this Agreement and the arbitration procedure, it must be brought in the federal or state court which is closest to the site at which Individual was employed by the Company and which has jurisdiction over the matter. Both Individual and Company expressly agree to waive any right to seek or demand a jury trial and agree to have any dispute decided solely by a judge of the court.

If any provision of this Agreement is determined to be invalid or unenforceable, it is agreed that the remainder of this Agreement shall remain in full force and effect. The parties agree that this Agreement may be interpreted or modified to the extent necessary for it to be enforceable and to give effect to the parties' expressed intent to create a valid and binding arbitration procedure to resolve all disputes not expressly excluded. In the event any provision of this Agreement is found unlawful or unenforceable and an arbitrator (or court) declines to modify this Agreement to give effect to the parties' intent, then the parties agree that this Agreement shall be self-amending, meaning it automatically, immediately and retroactively shall be amended, modified, and/or altered to achieve the intent of this Agreement to the maximum extent allowed by law. If the parties cannot agree upon the appropriate amendment or modification, an arbitrator shall make that determination. Other than as set forth in the above provision, all other modifications of this Agreement must be in writing and signed by a Vice President of the Company and Individual.

**INDIVIDUAL AND COMPANY UNDERSTAND THAT, ABSENT THIS AGREEMENT, THEY WOULD HAVE THE RIGHT TO SUE EACH OTHER IN COURT, TO INITIATE OR BE A PARTY TO A GROUP OR CLASS ACTION CLAIM, AND THE RIGHT TO A JURY TRIAL, BUT, BY EXECUTING THIS AGREEMENT, BOTH PARTIES GIVE UP THOSE RIGHTS AND AGREE TO HAVE ALL EMPLOYMENT DISPUTES BETWEEN THEM RESOLVED BY MANDATORY, FINAL AND BINDING ARBITRATION. ANY EMPLOYMENT RELATIONSHIP BETWEEN INDIVIDUAL AND COMPANY IS TERMINABLE AT-WILL, AND NO OTHER INFERENCE IS TO BE DRAWN FROM THIS AGREEMENT.**

| | |
|---|---|
| 6/25/2009 | Digitally Signed By: RICHARD TERRELL |
| Date | Individual's Signature |
| Murphy Oil USA, Inc. | RICHARD TERRELL APPLEYARD |
| /s/ H. H. | Individual's Name (Please Print) |
| | 419744945 |
| By Henry K. Heithaus, President | Individual's Social Security Number |