IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RICHARD APPLEYARD,

     Plaintiff,

v.                                           No. 1:17-cv-01188-JDB-egb

MURPHY OIL USA, INC.,

     Defendant.

---

## ORDER GRANTING JOINT MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE

Before the Court is the parties' June 15, 2018, joint motion to institute a second stay of this matter. (Docket Entry ("D.E.") 16.) Specifically, the parties seek a stay pending the outcome of individual arbitration pursuant to 9 U.S.C. § 3. According to the filing, arbitration will resolve all claims in this matter and it is the parties' request that the Court retain jurisdiction over this action solely for the purposes of enforcing, modifying, or vacating any arbitration award.

The Federal Arbitration Act ("FAA") provides that

[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

In *Hilton v. Midland Funding, LLC*, 687 F. App'x 515 (6th Cir. 2017), the Sixth Circuit recently articulated that

> [t]he FAA's instruction that courts should stay proceedings pending arbitration applies only if a few conditions are met. First, the issue must be arbitrable. Second, one of the parties must apply for a stay. Third, the party requesting the stay cannot be in default in proceeding with the arbitration.

*Hilton*, 687 F. App'x at 518; *see also id.* at 519 ("The FAA requires a court to stay proceedings pending arbitration only 'on application of one of the parties.'").

Here, the parties appear to be in agreement that all of the claims at issue in this matter are arbitrable and there is no indication that either party is in default in proceeding with the arbitration. Therefore, as both parties have applied for a stay, it is hereby GRANTED. This matter is STAYED pending arbitration and will be closed for administrative purposes. The Court will retain jurisdiction solely for purposes of enforcing, modifying, or vacating any arbitration award between the parties. Further, the motion to dismiss pending on the Court's docket (D.E. 11) shall be terminated.

IT IS SO ORDERED this 20th day of June 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
